UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHINA EXPORT & CREDIT**
**INSURANCE CORP A/S/O SHENZEHN**
**ABSEN OPTOELECTRONIC CO.,**
**LTD., ABSEN, INC., SHENZHEN**
**ABSEN OPTOELECTRONIC CO., LTD.**
**and ABSEN, INC.,**

        Plaintiffs,

v.                                          Case No. 6:19-cv-2329-Orl-40EJK

**FORMETCO, INC.,**

        Defendant.
_____/

## ANSWER OF DEFENDANT FORMETCO, INC.

COMES NOW Defendant Formetco, Inc. ("Defendant"), and files this Answer to the Complaint. In response to each of the numbered paragraphs of the Complaint, Defendant states as follows:

**Parties**

1. Defendant denies that Sinosure paid any valid claim. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 1 and, therefore, denies the same.

2. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 2 and, therefore, denies the same.

3. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 3 and, therefore, denies the same.

4. Defendant denies the allegations of Paragraph 4 of Plaintiff's Complaint.

5. Admitted.

### Jurisdiction and Venue

6. Defendant admits that it ordered various LED display products and spare parts from Absen, Inc. Defendant denies the remaining allegations of Paragraph 6.

7. The allegations of Paragraph 7 reference law, which speaks for itself, and Defendant denies any allegations inconsistent therewith. Defendant lacks sufficient information to admit or deny the conclusions of law alleged in Paragraph 7 and, therefore, denies the same. Defendant denies the remaining allegations of Paragraph 7.

8. The allegations of Paragraph 8 references law and documents, the terms of which speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant lacks sufficient information to admit or deny the conclusions of law alleged in paragraph 8 and, therefore, denies the same. Defendant denies the remaining allegations of Paragraph 8.

### Background

9. The allegations of paragraph 9 reference a document, the terms of which speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant denies the remaining allegations of paragraph 9.

10. The allegations of Paragraph 10 reference a document, the terms of which speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant denies entering into any contract other than with Absen, Inc.

11. The allegations of Paragraph 11 reference a document, the terms of which speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant denies entering into any contract other than with Absen, Inc.

12. The allegations of Paragraph 12 reference a document, the terms of which speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant denies entering into any contract other than with Absen, Inc.

13. The allegations of Paragraph 13 reference certain documents, the terms of which speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant denies entering into any contract other than with Absen, Inc. Defendant denies the remaining allegations of paragraph 13.

14. Denied.

15. The allegations of Paragraph 15 reference a document, the terms of which speak for themselves, and Defendant denies any allegations inconsistent therewith. Defendant denies entering into any contract other than with Absen, Inc.

16. Defendant denies the allegations of any demand letter and further denies any requirement to "comply with [its] demands." Any remaining allegations of Paragraph 16 are denied.

17. Defendant lacks information sufficient to admit or deny the allegation that Absen reported information to Sinosure and, therefore, denies the same. Defendant denies the remaining allegations of Paragraph 17 as stated, and further denies any obligation to make payment.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendant denies that Sinosure paid any valid claim. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 23 and, therefore, denies the same.

24. Denied.

25. Denied.

### First Cause of Action: Breach of Contract
### to Pay for Goods Delivered

26. Defendant incorporates by reference its preceding defenses and allegations as if fully restated herein verbatim.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. The allegations of Paragraph 32 reference a document, the terms of which speak for the themselves, and Defendant denies any allegations inconsistent therewith. Defendant denies entering into any contract other than with Absen, Inc.

33. Defendant denies the allegations of any demand letter and further denies any requirement to "comply with [its] demands." Any remaining allegations of Paragraph 33 are denied.

34. Defendant lacks information sufficient to admit or deny the allegation that Absen reported information to Sinosure and, therefore, denies the same. Defendant denies the remaining allegations of Paragraph 34 as stated, and further denies any obligation to make payment.

35. Denied.

36. Defendant denies that Sinosure paid any valid claim. Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 36 and, therefore, deny the same.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

**Second Cause of Action: Breach of Contract to Pay for Goods
Manufactured at the Request of Defendant, But Undelivered**

41. Defendant incorporates by reference its preceding defenses and allegations as if fully restated herein verbatim.

42. Denied.

43. Denied.

44. Denied.

45. The allegations of Paragraph 45 references a document, the terms of which speak for themselves, and Defendant denies any allegations inconsistent therewith.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## DEMAND FOR JURY TRIAL

50. The allegations of Paragraph 50 reference law, which speaks for itself, and Defendant denies any allegations inconsistent therewith. Defendant admits that paragraph 50 demands a trial by jury of all issues triable by jury. Defendant denies the remaining allegations of Paragraph 50.

To the extent the *ad damnum* clause of Plaintiffs' Complaint contains factual allegations requiring a response, Defendant denies the same.

All other allegations of the Complaint which are not admitted above, are expressly denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint should be dismissed in whole or in part because the Complaint fails to state any claims upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, estoppel and/or waiver.

### Third Affirmative Defense

Plaintiffs' claims are barred by the statute of frauds.

### Fourth Affirmative Defense

Plaintiffs' claims fail due to the failure of consideration.

### Fifth Affirmative Defense

Plaintiffs' claims are barred by the failure of conditions precedent as more fully set forth herein.

### Sixth Affirmative Defense

Plaintiffs' claims are barred due to Absen, Inc.'s breach of material contractual provisions.

### Seventh Affirmative Defense

Any claims for damages resulting from Plaintiffs' own conduct are barred in whole or in part.

### Eighth Affirmative Defense

Plaintiffs have failed to mitigate their claimed damages. Plaintiffs' claims for damages are accordingly barred in whole or in part.

### Ninth Affirmative Defense

Plaintiffs' claims are barred due to the lack of privity of contract and/or lack of standing

### Tenth Affirmative Defense

Plaintiffs' claims fail due to rights and remedies available to Defendant under the UCC.

### Eleventh Affirmative Defense

Defendant reserves the right to add additional defenses or counterclaims which may become known during discovery or trial.

## DEMAND FOR ATTORNEYS' FEES AND COSTS

Defendant hereby demands its attorneys' fees and costs pursuant to the terms of the documents sued upon and pursuant to any applicable Florida law including Section 57.105(7), *Florida Statutes*.

## COUNTERCLAIM

COMES NOW Counterclaim Plaintiff Formetco, Inc. and hereby files this, its Counterclaim against Absen, Inc., and Shenzhen Absen Optoelectronic Co., Ltd., and alleges as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1. Formetco, Inc. ("Formetco") is a corporation organized and existing under the laws of the State of Georgia with a principal place of business located at 2963 Pleasant Hill Road, Gwinnett County, Duluth, Georgia 30096.

2. Formetco manufactures and sells both static and LED billboards and components domestically and abroad.

3. Formetco is a leader in the digital LED billboard industry. Among other things, Formetco developed and utilizes a proprietary software to operate its digital LED billboards, designed a "tiled" LED assembly, and consistently innovates new LED billboard products.

4. In this vein, Formetco has developed a valuable array of confidential and proprietary intellectual property utilized in its LED modules.

5. Product manufactured for Formetco employs certain confidential and proprietary technical configurations owned by Formetco.

6. Absen, Inc., is a Delaware corporation with a principal place of business located at 7120 Lake Ellenor Drive, Orlando, Florida 32809, and may be served through its registered agent Stella Xia, located at 7210 Lake Ellenor Drive, Orlando, Florida 32809.

7. Shenzhen Absen Optoelectronic Co., Ltd., is a corporation organized and existing under the laws of the People's Republic of China.

8. Absen, Inc., and Shenzhen Absen Optoelectronic Co., Ltd., are collectively referred to herein as "Absen" or the "Absen Entities."

9. Absen manufactures, among other things, digital LED billboard components for sale both domestically in the People's Republic of China, and abroad, including in the United States.

10. Absen, Inc. causes digital LED billboard components to be delivered to Formetco for use and distribution in the United States.

11. Jurisdiction and venue are appropriate in this Court by virtue of the fact that Plaintiffs filed this action in this jurisdiction and venue and have, therefore, consented to the same.

12. Formetco purchases digital LED billboard components from multiple manufacturers including, but not limited to, Absen, Inc.

13. Formetco provides certain performance and form criteria for its LED billboard components to Absen, Inc., who then manufactures and assembles LED modules for Formetco.

14. Formetco also provides certain specifications regarding the form of the LED module, how it should connect together with other LED tiles, weather protection, LED configuration, and how it should communicate with Formetco's operating software.

15. Absen, Inc., then manufactures the LEDs based upon the limited manufacturing guidelines provided by Formetco.

16. Absen, Inc., is specifically responsible for ensuring the quality of the LED used.

17. On or about September 13, 2018, Formetco and Absen, Inc., entered into an agreement governing the purchase and sale of LED modules (the "Agreement").

18. The term of the Agreement is for three years.

19. Among other obligations Absen, Inc. assumed to Formetco in the Agreement, Absen, Inc. agreed to provide a "10-year Brightness Performance Guarantee" pursuant to which Absen, Inc. guaranteed that, for a period of ten years, the uncorrected average brightness levels of the LEDs would be no less than 5,000 NITS ("Brightness Warranty").

20. Based upon the Brightness Warranty and Absen's other representations, Formetco has purchased LED modules from Absen, Inc.

21. Formetco has utilized the LED Modules purchased from Absen, Inc., in signs installed around the country.

22. Since that time, Formetco has discovered that certain of the LED Modules in certain of the bins have exhibited inconsistent brightness levels inconsistent with Absen, Inc.'s obligations under the Agreement.

23. In addition, certain of the tiles are exhibiting degradation of the LEDs themselves.

24. Formetco has incurred and will continue to incur costs associated with remedying the issues presented by the certain Absen LED Modules.

25. In a correspondence dated May 7, 2019, Formetco promptly notified Absen of the LED issues, and demanded that Absen, Inc. comply with its warranty obligations.

26. Representatives of Absen have admitted to representatives of Formetco that they are aware of the product failure.

27. Absen, Inc., however, refuses to comply with its warranty obligations.

28. Formetco has warranted to its purchasers of FTX modules a minimum brightness level for 10 years. Because Absen, Inc. has failed and refused to honor its warranty obligations, Formetco has incurred costs and damages associated with honoring its warranty obligations to its customers.

29. Absen, Inc. has failed to reimburse Formetco for the expenses and damages Formetco has incurred as a result of the LED issues, and has failed to meet its warranty obligations.

30. Formetco has incurred, and will incur, damages in no event less than ten million dollars due to Absen's failure and refusal to fulfill its warranty obligations to Formetco.

## COUNT I
(Breach of Contract)

31. Formetco incorporates by reference herein the previous allegations as if fully restated herein verbatim.

32. Among other things and without limitation, Absen, Inc., breached the Agreement by selling defective product to Formetco, and by refusing to comply with its warranty obligations under the Agreement.

33. As a direct and proximate result, Formetco has suffered damages in an amount to be proven at trial.

34. Pursuant to the terms of the Agreement, Formetco is entitled to recover its reasonable attorneys' fees, costs and necessary disbursements.

## COUNT II
(Alter Ego Liability)

35. Formetco incorporates herein by reference the preceding allegations set forth in Paragraphs 1 – 34 above as if fully restated herein verbatim.

36. Absen, Inc. is the wholly owned subsidiary of Shenzhen Absen Optoelectronic Co., Ltd.

37. Absen, Inc., is the alter ego and mere instrumentality of Shenzhen Absen Optoelectronic Co., Ltd., and, as more fully set forth herein, Shenzhen Absen Optoelectronic Co., Ltd. is directly liable for the various breaches of contract by Absen, Inc.

38. Among other things, Shenzhen Absen Optoelectronic Co., Ltd., manufactured the relevant product, shipped the relevant product, and received payment directly for the relevant production.

39. Upon information and belief, Shenzhen Absen Optoelectronic Co., Ltd., controls the day to day operations of Absen, Inc.

40. Because Shenzhen Absen Optoelectronic Co., Ltd. engaged in the improper conduct set forth above and due to the various improper abuses of the corporate form which has caused injury to Formetco, Formetco is entitled to pierce Absen, Inc's corporate veil, and hold Shenzhen Absen Optoelectronic Co., Ltd., directly liable for Absen, Inc.'s breach of contract.

WHEREFORE, Formetco respectfully requests the following relief in connection with Counts I and II above:

   a. A civil trial by jury;

   b. Judgment in Formetco's favor in an amount to be determined at trial on Counts I and II set forth above;

    c.   Formetco's attorneys' fees and costs pursuing this action; and

    d.   Such other and further relief as this Court deems just and proper.

Respectfully submitted,

 /s/ William J. Denius
William J. Denius, Esq.
Florida Bar No. 0093637
Counsel for Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy hereof has been furnished by CM/ECF filing to Jean-Claude Mazzola, Esq. at jeanclaude@mazzolalindstrom.com; on this 18th day of March 2020.

KILLGORE, PEARLMAN, SEMANIE,
  DENIUS & SQUIRES, P.A.
800 North Magnolia Avenue, Suite 1500
Orlando, Florida 32803
Telephone: (407) 425-1020
Facsimile: (407) 839-3635

 /s/ William J. Denius
William J. Denius, Esq.
Florida Bar No. 0093637
Counsel for Defendant
wjdenius@kpsds.com
eforhay@kpsds.com